IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
CASE NO. 5:11-CV-00164-RLV-DSC

| | |
|---|---|
| DAVID HILL and TONYA HILL, Executors of the Estate of Ruby Lowery Fitzwater, <br><br> Plaintiffs, <br><br> v. <br><br> SSC STATESVILLE MAPLE LEAF OPERATING COMPANY, LLC; SAVASENIORCARE ADMINISTRATIVE SERVICES, LLC; SSC EQUITY HOLDINGS, LLC, <br><br> Defendants. | ORDER |

**THIS MATTER** is before the Court upon the agreement of the Parties, Plaintiffs David Hill and Tonya Hill, Executors of the Estate of Ruby Lowery Fitzwater, and the Separate Defendants SSC Statesville Maple Leaf Operating Company, LLC; SavaSeniorCare Administrative Services, LLC; and SSC Equity Holdings, LLC, pursuant to the Federal Arbitration Act, 9 U.S.C. § 1 *et seq.*, to arbitrate the claims asserted against SSC Statesville Maple Leaf Operating Company, LLC, and, accordingly, to dismiss without prejudice and subject to a Tolling Agreement this civil action against SavaSeniorCare Administrative Services, LLC, and SSC Equity Holdings, LLC.

The Plaintiff's claims against the Separate Defendant SSC Statesville Maple Leaf Operating Company LLC are hereby referred to arbitration.

Furthermore, the claims against Separate Defendants SavaSeniorCare Administrative

1

Services, LLC and SSC Equity Holdings, LLC (hereinafter "Tolled Defendants"), are dismissed without prejudice and subject to the Tolling Agreement entered into by the Plaintiff and the Tolled Defendants, attached hereto as Exhibit A.

**IT IS, THEREFORE, ORDERED** that the claims against Defendant SSC Statesville Maple Leaf Operating Company LLC be referred to arbitration and that this action be dismissed without prejudice and subject to the Tolling Agreement as to the Plaintiffs and the Tolled Defendants.

Signed: January 31, 2012

Richard L. Voorhees
United States District Judge

**EXHIBIT A**

**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
CASE NO. 5:11-CV-00164-RLV-DSC**

| | |
|---|---|
| DAVID HILL and TONYA HILL, Executors of the Estate of Ruby Lowery Fitzwater, <br><br> Plaintiffs, <br><br> v. <br><br> SSC STATESVILLE MAPLE LEAF OPERATING COMPANY, LLC; SAVASENIORCARE ADMINISTRATIVE SERVICES, LLC; SSC EQUITY HOLDINGS, LLC, <br><br> Defendants. | **TOLLING AGREEMENT** |

**NOW COME** the Plaintiffs David Hill and Tonya Hill, Executors of the Estate of Ruby Lowery Fitzwater, Deceased, by and through counsel, and the Separate Defendants SSC Equity Holdings, LLC, and SavaSeniorCare Administrative Services, LLC ("Tolled Defendants"), by and through counsel, and jointly agree to enter into this Tolling Agreement by stating as follows:

1.

Except as provided in Paragraph 4 herein, the Plaintiff agrees that he will not re-file this civil action or institute a new civil action against the Tolled Defendants for any claims or allegations arising out of or related to the care and treatment of Ruby Lowery Fitzwater at Brian Center/Statesville Maple Leaf.

3

2.

The Plaintiff and the Tolled Defendants agree that all statutes of limitations and other time-related defenses, including but not limited to laches, are tolled as to any claims between them as of the date of the execution of this Agreement by all parties, and continuing until the date this Agreement is terminated.

3.

The Plaintiff and Tolled Defendants intend and acknowledge that the tolling of the various statutes of limitations and other time-related defenses apply, without limitation, to any and all statutes, regulations, or other rules of law which limit the period in which any action may be commenced or a defense may be asserted. The Plaintiff and Tolled Defendants further agree and acknowledge that this Agreement is not intended to waive and shall not be deemed to waive the right of the Tolled Defendants to assert any defenses, including but not limited to lack of in personam jurisdiction, to the extent that such defenses existed prior to the entry of this Agreement.

4.

The Plaintiff agrees that any Complaint against any of the Tolled Defendants will be instituted only if (a) the Plaintiff obtains a judgment against any of the other defendants who is not a party to this Agreement ("Non-tolled Defendants") that the Plaintiff cannot collect from the Non-tolled Defendants within six months after any such judgment becomes final (such date defined as the date upon which all appellate remedies are exhausted if an appeal is taken or the time to seek appellate relief expires if no appellate relief is sought), and (b) the Plaintiff has a legal basis to plead that any of the Tolled Defendants is directly responsible to the Plaintiff for a judgment entered against a Non-tolled Defendant. In the event that the Plaintiff re-files the

Complaint or files a Complaint against any of the Tolled Defendants, the Plaintiff immediately must notify undersigned counsel in writing.

5.

The provisions of N.C. Gen. Stat. § 90-21.19 providing for a potential limit for noneconomic damages shall not apply to a re-filed or a filed Complaint as provided in Paragraph 4 herein.

6.

Upon the execution of this Agreement, it shall be binding and enforceable upon the Parties, their successors, and assigns.

7.

This Agreement, as well as the application and interpretation of it, shall be governed exclusively by the laws of the State of North Carolina and may be executed in counterparts.

8.

The Plaintiff and the Tolled Defendants represent that they have read and understand this Agreement in its entirety prior to signing. Further, the signatories to this Agreement represent that they have obtained all the necessary authorizations to enter into this Agreement, and know of no reason why this Agreement is not legally effective. The Plaintiff and the Tolled Defendants have irrevocably acknowledged and agreed that they are, now and forever, estopped and precluded from contesting or denying the validity of this Agreement.

9.

Unenforceability or invalidity for any reason of any paragraph in this Agreement shall not limit or impair the operation, validity, or enforceability of any other paragraph of this Agreement.

10.

This Agreement may not be amended/modified orally, but may only be amended/modified in writing, signed by all of the signatories to this Agreement.

**IN WITNESS WHEREOF**, the undersigned have set their hands and seal as of the date and year below.

**SO STIPULATED AND AGREED** this 31st day of January, 2012.

| FOR THE PLAINTIFFS | FOR THE DEFENDANTS |
|---|---|
| *David Hill and Tonya Hill, Executors of the Estate of Ruby Lowery Fitzwater, Deceased* | *SavaSeniorCare Administrative Services, LLC; and SSC Equity Holdings, LLC* |
| By */s/ Stephen J. Gugenheim,*     *with permission /s/ bko*     STEPHEN J. GUGENHEIM     Gugenheim Law Offices, P.C.     116 N. Person St.     Raleigh, North Carolina 27601     E-mail: steve@gugenheimlaw.com | By */s/ Bradley K. Overcash*     WILKINS TIPTON, P.A.     South Tryon Square     201 S. Tryon Street, Suite 1475     Charlotte, NC 28202-3212     E-mail: bovercash@wilkinstipton.com |